THE HONORABLE MARC BARECCA
Chapter 13
Hearing Location: Seattle Courthouse, Room 7106
Hearing Date: January 13, 2011
Hearing Time: 9:30 a.m.
Response Date: January 6, 2011

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In re<br><br>MICHAEL REID MOI,<br><br>Debtor. | BANKRUPTCY NO. 10-15781<br>ADVERSARY NO. 10-01550-MLB<br><br>DEFENDANT BROOKE BARNES' MOTION TO DISMISS |
| MICHAEL REID MOI,<br><br>Plaintiff,<br><br>v.<br><br>BROOKE BARNES and JANE DOE BARNES, DOUG KRUGER and JANE DOE KRUGER and RICK WATHEN and JANE DOE WATHEN,<br><br>Defendants. | |

## I. INTRODUCTION

Plaintiff Michael Moi accuses Brooke Barnes of mail and wire fraud, perjury, and RICO violations for sending a letter to the King County Sheriff describing the amounts paid by Barnes when Barnes purchased a property formerly owned by Moi at a Sheriff's

DEFENDANT BROOKE BARNES' MOTION TO DISMISS - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

sale. The letter accurately and truthfully described Barnes' expenditures, and Moi's claims are frivolous and should be dismissed.

## II. STATEMENT OF FACTS

Michael Moi claims that Brooke Barnes and Douglas Kruger, and Kruger's attorney Rick Wathen, "conspired to take property from Moi to which they were not entitled." (Dkt No. 1, September 15, 2010 Objection to Claims Filed, Counterclaims and Requests for Other Relief (Objection) at ¶ 3.27.) The entire basis of Moi's claim against Barnes is that Barnes purchased a property formerly owned by Moi at a Sheriff's sale, and then sent a letter to the King County Sheriff listing the amount of money expended by Barnes. Moi's claims verge on gibberish, and state that after the Sheriff sent a notice of redemption to Barnes:

> Barnes responded with a statement saying that the amount owing was Attached hereto as Exhibit "9" is a copy of Barnes' accounting for the amount necessary to redeem the property for which he paid. Significantly, the statement shows the amount he paid to purchase the original judgment, payments for legal fees, previously paid taxes, and various other things that were not in the nature of an emergency and which were things Barnes paid to someone. However, the statement was not signed "under penalty of perjury," was not notarized, does not specify exactly what was paid and what was not, and is not a proper statement required for redemption under RCW Title 6.

(Objection ¶ 3.21.)

The letter submitted by Barnes provides in pertinent part:

> This is to confirm that I was the $5000.00 dollar bidder at November 13, 2009 sheriff's auction. On that day I also purchased the judgment which Moi shows as $80,000 in his bankruptcy and paid to Mr. Kruger an additional $40,000.00 dollars to clean up the title to reimburse Mr. Kruger for fifteen years of King County real estate taxes, legal fees, cost of publication, cost of clean up on the lot, truck loads of debris and tree tops, etc as agreed.
>
> The writ of execution was to satisfy a partial judgment and costs backed by the lot. This does not buy the lot as Mr. Kruger would remain a joint owner on the title after any redemption, according to the plaintiff's lawyer. The judge ordered the sale to reimburse Mr. Kruger for his well documented expenses, which I am entitled to recover under RCW 6.23.020 as follows: $5,000.00 paid to sheriff, $80,000.00 to judgment, $40,0000.00 legal fees taxes(brought current) etc as expenses, = $125,000 interest at 12% per annum is $15,625.00 divided by 365 days is $42.81 per day. November 13

DEFENDANT BROOKE BARNES' MOTION TO DISMISS - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

2009 thru June 13 at 210 days equals $8,990.10 with on going legal fees. This sum of $125,000 + $8990.00 equals $133,990.10. I believe this payment must be approved by the bankruptcy judge as Moi claims in his filing that he has no assets, and the bankruptcy filing stays all transactions.

(Objection, at ¶¶ 3.15, 3.21.)[1] The remainder of Moi's counterclaims are that Kruger and Wathen are trying to collect on the judgment purchased by Barnes, and that Wathen misstated that Moi had no assets by citing only to Moi's "income, real property, and other issues." (Objection, ¶ 3.23.)

Based on this single letter, Moi claims that Barnes committed mail fraud, wire fraud, perjury, and RICO violations, and asks for actual and punitive damages. (Objection, ¶¶ 4.1-4.8.)

### III. MOTION

Barnes moves this court to dismiss Moi's counterclaims in this matter.

### IV. EVIDENCE RELIED ON

The files and pleadings in this matter.

### V. ARGUMENT

**A.    Moi's complaint is frivolous.**

This court may dismiss an action based on the pleadings if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b) (Incorporating FRCP 12(b)(6)). In evaluating whether a valid claim is stated, this court assumes the facts stated in the complaint are true, and may draw reasonable inferences therefrom. A complaint must be dismissed if it merely conclusorily alleges the elements of a cause of action, or if it fails to include facts supporting an essential element of a cause of action. *ACLU Foundation of Southern California v. Barr*, 952 F.2d 457, 472 (D.C. Cir. 1991).

**B.    There is no civil cause of action for mail and wire fraud and perjury**

Moi cites no statutory authority for his counterclaims. There is a sound reason for this omission: mail and wire fraud and perjury are criminal violations, and do not have a

---

[1] The attachments referenced in ¶¶ 3.15 and 3.21 are the same letter.

civil right of action. *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. Mo. 1999); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); RCW 9A.70.020-030 (perjury). If Moi believes Barnes has committed these crimes, his remedy is to file a report with the police, not pursue a civil action for damages.

**C.     Kruger and Wathen's actions cannot be imputed to Barnes**

Although unclear, Moi may be arguing that Barnes is liable for the actions of Kruger and Wathen. Kruger and Wathen have not committed mail and wire fraud, perjury, and RICO, either, but even if they had, Barnes is not liable for their conduct. Moi claims that attorney Wathen was referred by Barnes, and that Wathen filed a claim on behalf of Barnes without Barnes' permission. (Objection ¶¶ 3.10, 3.22.)

A party may be liable for the conduct of another under a theory of agency, or as joint tortfeasors. Neither applies here. Agency liability requires that Kruger and Wathen acted at the direction of or under authority from Barnes for Barnes' benefit. See Restat 3d of Agency, § 1.01. Here, Moi objects to Kruger and Wathen's actions in filing a claim on behalf of themselves that Moi asserts only Barnes can file, and claims that Wathen made misstatements in prosecuting Kruger's claim. These actions, even if true, were neither directed by Barnes nor are for Barnes' benefit: if Kruger and Wathen prevail, it is Kruger who will recover, not Barnes. Agency liability does not apply.

Similarly, joint tortfeasor liability does not apply. First, Moi has not pled joint liability. Second, joint tortfeasor liability would require that Moi prove that Barnes had:

> a) do[ne] a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) kn[ew] that the other's conduct constitutes a breach of duty and g[ave] substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) g[ave] substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitute[d] a breach of duty to the third person.

Restat 2d of Torts, § 876. Here, Kruger and Wathen's alleged misconduct was for

| DEFENDANT BROOKE BARNES' MOTION TO DISMISS - 4 | **NEWMAN & NEWMAN,** **ATTORNEYS AT LAW, LLP** | 505 Fifth Ave. S., Ste. 610 Seattle, Washington 98104 (206) 274-2800 |
|---|---|---|

their own benefit, not Barnes', and there is no allegation that Barnes did anything to assist.

**D.  Moi has not alleged facts sufficient to support a finding that Barnes committed mail or wire fraud**

Even if there was a civil cause of action for mail and wire fraud, Barnes has not committed mail and wire fraud.  Mail and wire fraud requires proof that Barnes used the mails or interstate wire communications in a "knowing and willful participation in a scheme or artifice to defraud . . . with the specific intent to defraud[.]" *United States v. Mitan*, 2009 U.S. Dist. LEXIS 49643 (E.D. Pa. June 11, 2009).  Both mail and wire fraud require proof that Barnes misrepresented or concealed a material fact. *Neder v. United States*, 527 U.S. 1, 22 (U.S. 1999).

Here, Moi's claim for wire fraud fails because there is no allegation in the complaint that any party, including Barnes, used wires. Although the complaint conclusorily alleges that "they transmitted false information by email," none of the factual allegations raised in the complaint support this conclusion. (Objection, ¶ 3.27.) Instead, Moi complains about documents filed in court and letters mailed to the Sheriff.

Additionally, Moi's claims for fraud fail because Moi does not allege <u>any</u> false statement on the part of Barnes, let alone a false statement of material *fact*, but rather only objects to whether Barnes was entitled, as a matter of law, to the amount set by the Sheriff as the redemption price.  Even an intentional misstatement of law cannot support a claim of fraud. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. Cal. 2004).

Here, Barnes' provided a statement to the Sheriff's Office describing the money he expended to purchase the property and in payments to Kruger for back taxes and other expenses. Barnes carefully described the amounts he expended, and Moi does not challenge the veracity of Barnes' statement that he expended the money. (Objection, ¶¶ 3.15, 3.21.)  Moi's argument is solely that Barnes is not legally entitled to reimbursement.  While Moi is mistaken that Barnes may not recover all or most of the

money expended before Moi can redeem the property,[2] even if Moi were correct, he does not have a claim for fraud because he does not allege that Barnes misrepresented anything, let alone a material fact.

**E. Barnes did not commit perjury**

Perjury requires a "materially false statement," and proof that the defendant knew of the statement's falsity. RCW 9A.72.010-030. Here, no falsity is alleged. Moi does not challenge the facts asserted by Barnes in Barnes' letter to the Sheriff's Office. Instead, at most, Moi alleges that Barnes was mistaken as to the law.

Moreover, perjury requires proof that Barnes made a materially false statement "under an oath required or authorized by law." RCW 9A.72.020-030. Here, as Moi admits, Barnes submitted the statement of redemption expenses in letter form, and did not sign it under penalty of perjury or otherwise under oath. (Objection, at 3.21.)

**F. Moi has not alleged facts sufficient to support any element of RICO**

Although Moi claims that he is entitled to damages for "predicate acts under RICO," his complaint fails to identify facts supporting any of the elements of a RICO claim. (Objection at ¶ 3.27.) This epitomizes frivolous pleading.

In order to collect damages for alleged RICO violations, Moi must prove that Barnes engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation omitted.)

Here, Moi cannot prove any element of RICO. The "enterprise" must be distinct from the individual defendant, and consist of a group of persons associated in fact and dedicated to a common goal. *Living Designs,* 431 F.3d at 361. Moi evidently believes that Barnes, Kruger, and Kruger's attorney Wathen were an enterprise, but fails to allege

---

[2] This issue is fully briefed in Barnes' Response to Motion to Set Redemption price.

that they were in pursuit of a common goal. Instead, Moi complains about entirely separate acts from each party: that Barnes submitted a statement to the Sheriff's office describing Barnes' expenses for purposes of setting a redemption price on the Magnolia property, and that Kruger and Wathen filed a claim in the bankruptcy proceeding for their own benefit based on the judgment purchased by Barnes. There is no common enterprise for Barnes to conduct. Each party is seeking a recovery from Moi for that party's own benefit.

Further, as described above, Moi has failed to allege conduct meeting the elements of any predicate acts. Barnes did not commit perjury or mail or wire fraud. Moreover, there is no pattern of racketeering activity. Even multiple predicate acts which involve a single victim, inflict a single injury, and occur within a brief time period do not constitute a pattern. *Tellis v. United States Fidelity & Guaranty Co.*, 826 F.2d 477, 479 (7th Cir. Ill. 1987). Here, Moi alleges only one allegedly fraudulent act: his claim that Barnes erroneously stated the amount of the redemption price in a letter sent to the Sheriff's Department. (Objection, at ¶¶ 3.15, 3.21.) Even if Kruger and Wathen's conduct were a violation of law and imputed to Barnes, there is only one alleged victim, and only one injury. Moi alleges that Barnes, Wathen, and Kruger are all attempting to collect on the same judgment, through the redemption price and claims in the bankruptcy proceeding. The judgment must be paid, and it will only be paid once. If there were an injury, it would be single, and RICO does not apply.

Finally, there is no injury to Moi's business or property. Moi is in bankruptcy and does not have the means to pay the redemption price on the Magnolia property. Moi has no remaining interest in the property, and thus even if the other elements of RICO were met, Moi cannot pursue a claim against Barnes in the absence of damages.

## VI. CONCLUSION

Moi's counterclaims fail to state a claim upon which relief can be granted. They should be dismissed.

DEFENDANT BROOKE BARNES' MOTION TO DISMISS - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

DATED this 9th day of December, 2010.

                                        **NEWMAN & NEWMAN,**
                                        **ATTORNEYS AT LAW, LLP**

By: _/s/ John Du Wors_
John Du Wors, WSBA No. 33987
Keith Scully, WSBA No. 28677
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

Attorneys for Defendant
BROOKE BARNES

DEFENDANT BROOKE BARNES' MOTION TO DISMISS - 8

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800